Stephanie R. Tatar, Es1 (237792)
Tatar Law Firm, APC
3500 West Olive Ave., Ste 300
Burbank, CA 91505
Telephone: (323) 744-1146
E-Mail: stephanie@thetatarlawfirm.com
*Attorney for Plaintiff*
**STEVEN GRAHAM**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVEN GRAHAM,<br><br>Plaintiff,<br><br>vs.<br><br>OPPIZI US, INC.<br><br>Defendant. | Case No. 3:26-cv-3609<br><br>**CLASS ACTION COMPLAINT FOR VIOLATION OF FAIR CREDIT REPORTING ACT**<br><br>**DEMAND FOR JURY TRIAL** |

## I. PRELIMINARY STATEMENT

1. This is a consumer class action for actual and statutory damages for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq. and*

2. This consumer class action is brought by Plaintiff on his behalf and behalf of consumers throughout the country who applied for and was denied employment with Defendant in whole or in part as a result of a background check. Plaintiff alleges that Defendant systematically violates the FCRA, section 1681b(b)(3), by using a consumer report to make an "adverse" employment action

without providing the person who is the subject of the report a copy of the report, a description of rights under the FCRA, or a sufficient amount of time before adverse action is taken.

3. The FCRA was enacted "to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy," 15 U.S.C. § 1681(a)(4) by operating "in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization" of the consumer information they disseminate. 15 U.S.C. § 1681(b). Congress included in the statutory scheme a series of due-process-like protections that impose strict procedural rules on "users" of "consumer reports" such as Defendant. This action involves Defendant's systematic violation of several of those important rules.

## II. JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331 and 1337.

5. Venue is properly in this District, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District, and because Defendant resides in this District within the meaning of 28 U.S.C. § 1391(c).

## III. DIVISIONAL ASSIGNMENT

6. Assignment to the San Francisco Division is proper because a substantial part of the events giving rise to the claim occurred in San Francisco County, where Defendant maintains its principal place of business.

## IV. PARTIES

7. Plaintiff, STEVEN GRAHAM (the "Plaintiff"), is an adult individual and citizen of New York who in Bronx, New York.

8. Defendant, OPPIZI US, INC. ("OPPIZI"), is a business entity engaged in mass marketing services, including comprehensive flyer solutions encompassing logistics, distribution, and tracking. OPPIZI maintains its principal place of business in San Francisco, California.

## V. FACTUAL ALLEGATIONS

9. Plaintiff submitted an online application for a position with OPPIZI to work as a flyer distributor.

10. On August 14, 2025, Plaintiff participated in an online interview with Defendant and was informed he was hired for the position and was scheduled to attend an online onboarding session on August 19, 2025, to complete necessary hiring paperwork and orientation.

11. During or shortly after the interview, OPPIZI advised Plaintiff that his employment was contingent upon successful completion of a background check.

12. As part of its standard hiring process, Defendant requires prospective employees such as Plaintiff to submit to a background check involving the procurement of a consumer report wherein information pertaining to character, general reputation, personal characteristics and/or mode of living are reviewed and used to determine, together with other factors, whether to hire an applicant.

13. On information and belief, OPPIZI procured a consumer report concerning Plaintiff from a consumer reporting agency for employment purposes.

14. OPPIZI used or intended to use the consumer report, in whole or in part, to evaluate Plaintiff's eligibility for employment and to determine whether to finalize his hiring.

15. Upon receiving the consumer report, OPPIZI decided to take adverse action against Plaintiff by rescinding or declining to move forward with his employment.

16. On or about August 21, 2025, OPPIZI sent Plaintiff an email stating that it would not be moving forward with his application. The email did not state the reasons for its decision and did not provide Plaintiff with a copy of the consumer report upon which the decision was based.

17. Plaintiff promptly contacted OPPIZI to request a copy of the consumer report and an explanation for the withdrawal of his offer.

18. To date, OPPIZI has failed and refused to provide Plaintiff with the requested report or to disclose the information upon which its adverse decision was based.

19. As a result of OPPIZI's failure to provide Plaintiff with the required pre-adverse action disclosures, Plaintiff was deprived of his statutory right to review the contents of the consumer report and to dispute any inaccurate or incomplete information before the adverse employment decision was made.

20. Section 1681b(b)(3) of the FCRA requires that "in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates" a copy of the report and a written description of the consumer's rights under the FCRA. 15 U.S.C. 1681b(b)(3)(A)(i), (ii).

21. In connection with Plaintiff's application for employment, Defendant was "a person intending to take" adverse action within the meaning of the statute.

22. Defendant did not provide Plaintiff a copy of the consumer report or a written statement of his rights under the FCRA.

23. Defendant's practices and procedures described herein affected not only the Plaintiff but also other applicants for employment against whom adverse action has been taken.

24. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

25. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

26. Defendant's conduct as delineated above was willful and a reckless disregard for the law and the rights of the Plaintiff.

27. As a direct and proximate result of Defendant's conduct, as delineated above, Plaintiff has suffered actual damages, including loss of employment opportunities, financial harm, and emotional distress arising from Defendant's failure to provide the required pre-adverse action disclosures.

28. Plaintiff is injured in that he is being deprived of essential information that would have allowed him to challenge any incorrect information so that it may be presented to the potential employer and allow him the employment opportunity he was originally offered.

29. In conducting a background check and obtaining a consumer report on Plaintiff for purposes of employment, Defendant violated the FCRA in one or more of the following ways:

a. Failed to provide Plaintiff with a copy of the report procured for employment purposes prior to taking any adverse action against the Plaintiff in violation of 15 U.S.C. §1681b(b)(3)(A)(i);

b. Failed to provide Plaintiff, prior to taking any adverse action against the Plaintiff, with a description in writing of the rights of Plaintiff under the Fair Credit Reporting Act in violation of 15 U.S.C. §1681b(b)(3)(A)(ii); and

c. Otherwise negligently and willfully violated the Fair Credit Reporting Act.

## VI. CLASS ACTION ALLEGATIONS

30. Plaintiff brings this action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of the following Class:

> All natural persons residing in the United States who beginning five (5) years prior to the filing of this Complaint and continuing through the conclusion of this action, (i) applied for employment with Defendant, (ii) were the subject of a consumer report obtained and used by Defendant for employment purposes, (iii) were the subject of an adverse employment action by Defendant, and (iv) were not provided with pre-adverse action notice, a copy of the report, and/or a written description of their rights under the FCRA prior to Defendant taking adverse action.

31. Plaintiff reserves the right to amend the definition of the Class based on discovery and/or legal developments.

32. **Numerosity. Fed. R. Civ. P. 23(a)(1).** The Class is so numerous that joinder of all members is impracticable. Although the number of Class members is currently known only to Defendant, the number of Class members is likely in the hundreds, if not thousands, of individuals. OPPIZI operates a nationwide marketing and distribution business that hires large numbers of individuals to distribute flyers and promotional materials across multiple cities and regions. Because Defendant utilizes uniform hiring, background screening, and onboarding procedures for its job applicants, the members of the Class are sufficiently numerous and geographically dispersed to make joinder impracticable.

33. **Common Questions of Law and Fact. Fed. R. Civ. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class and predominate over the questions affecting only individual members. The common legal and factual questions include, among others, whether Defendant violated 15 U.S.C. § 1681b(b)(3) by failing to provide job applicants with pre-adverse action notices in compliance with the FCRA.

34. **Typicality. Fed. R. Civ. P. 23(a)(3)**. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

35. **Adequacy. Fed. R. Civ. P. 23(a)(4).** Plaintiff is an adequate representative of the Class because his interests are aligned with, and are not

antagonistic to, the interests of the members of the Class he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of members of the Class.

36. **Predominance and Superiority. Fed. R. Civ. P. 23(b)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding.

## VII. CAUSE OF ACTION

## VIOLATION OF 15 U.S.C §1681b(b)(3)

37. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

38. Plaintiff is a "consumer," as defined by the FCRA, 15 U.S.C. § 1681a(c).

39. Defendant, OPPIZI, is a "person" that regularly uses consumer reports for employment purposes.

40. The background or consumer reports that Defendant purchases regarding employment applicants are "consumer reports" within the meaning of 15 U.S.C. § 1681a(d).

41. The FCRA provides that any person "using a consumer report for employment purposes" who intends to take any "adverse action based in whole or in part on the report," must provide the consumer a written description of the consumer's rights under the FCRA, as prescribed by the Federal Trade Commission, before taking such adverse action. 15 U.S.C. § 1681b(b)(3)(A).

42. For purposes of this requirement, an "adverse action" includes "any . . . decision . . . that adversely affects any current or prospective employee." 15 U.S.C. § 1681a(k)(1)(B)(ii).

43. The FCRA requires OPPIZI, as a user of consumer reports for employment purposes, before taking adverse action based in whole or in part on the report, to provide to the consumer to whom the report relates, a copy of the report and a written description of the consumer's rights under the FCRA. 15 U.S.C. § 1681b(b)(3)(A)(i), (ii).

44. OPPIZI willfully violated section 1681b(b)(3) of the FCRA by failing to provide to the consumer about whom the report relates a copy of the report and a written description of the consumer's rights under the FCRA a sufficient time before it took adverse action based in whole or in part on the consumer report.

## VIII. <u>JURY TRIAL DEMAND</u>

45. Plaintiff demands trial by jury on all issues so triable.

## IX. <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff, STEVEN GRAHAM, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and the Class and against Defendant as follows:

a. That an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class;

b. That judgment be entered against Defendant for statutory damages in the amount of not less than $100 and not more than $1,000 per violation per Class member, pursuant to 15 U.S.C. § 1681n(a);

c. That judgment be entered against Defendant for punitive damages

pursuant to 15 U.S.C. § 1681n(a)(2);

d. That judgment be entered for actual damages for Plaintiff pursuant to 15 U.S.C. §§ 1681n(a)(1) and/or 1681o(a)(1);

e. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and/or o; and

f. That the Court grant such other and further relief as may be just and proper.

Dated: April 27, 2026

Respectfully submitted,

**STEVEN GRAHAM,**
**On behalf of himself and**
**all others similarly situated**

*/s/ Stephanie R. Tatar*
Stephanie R. Tatar, Es1 (237792)
Tatar Law Firm, APC
3500 West Olive Ave., Ste 300
Burbank, CA 91505
Telephone: (323) 744-1146
E-Mail:
stephanie@thetatarlawfirm.com

David M. Marco, Esq.
*Pro Hac Vice to be filed*
SMITHMARCO, P.C.
400 Lake Cook Rd., Suite 203
Deerfield, IL 60015
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithmarco.com